**WENSHENG ZHANG, Petitioner,**

v.

**Michael B. MUKASEY,* Attorney General, Respondent.**

No. 06–70815.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.**

Filed Dec. 10, 2007.

Xia Zhao, Esq., San Jose, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Christopher C. Fuller, John D. Williams, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM ***

Wensheng Zhang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings based on ineffective assistance of counsel. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen, and review de novo claims of due process violations in removal proceedings, including claims of ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

We agree with the BIA's conclusion that former counsel's performance did not result in prejudice to Zhang, and thus his claim of ineffective assistance of counsel fails. *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir.2003) (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate prejudice).

We lack jurisdiction to review the BIA's underlying order dismissing Zhang's direct appeal from the Immigration Judge's decision because this petition for review is not timely as to that order. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003).

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

